## Cooperman Estate

Before Klein, P. J., Bolger, Lefever, Saylor, Shoyer and Burke, JJ.

*Irvin J. Kopf*, for exceptants.

*James L. Price*, contra.

*Harry W. Kurtzman*, for Commonwealth.

LEFEVER, J., January 25, 1963.—Where testator gives his residuary estate in three equal shares to individuals A and B and charity C and testator dies within 30 days of the execution of his will, are A and B entitled to C's share, or is there an intestacy as to this share? We agree with the learned auditing judge that C's share goes to A and B.

Testator died on June 9, 1961, leaving a will dated May 11, 1961. Clause 3 of his will gives "the rest, residue and remainder of my estate":

"(a) One-third for the benefit of a children's orphanage or orphanages in the State of Israel, to be chosen by my executrix.

"(b) One-third for the benefit of Steven Marx Zeiger and his sister Linda Marx Zeiger . . .

"(c) One-third for the benefit of Scott, David and Mark Freedman . . ."

Section 7(1) of the Wills Act of 1947 provides: "Any bequest or devise for religious or charitable purposes included in a will or codicil executed within thirty days of the death of the testator shall be invalid unless all who would benefit by its invalidity agree that it shall be valid."

Testator died within 30 days of the date of the execution of his will. The interested parties have not agreed that the gift of one-third of the residue to the children's orphanage(s) shall be valid. Hence, it is invalid.

Who is entitled to this invalid one-third of the residue?

Section 14 of the Wills Act of April 24, 1947, P. L. 89, provides:

"In the absence of a contrary intent appearing therein, wills shall be construed as to real and personal estate in accordance with the following rules:

"(9) Lapsed and Void Devises and Legacies; Shares Not in Residue. A devise or bequest not being part of the residuary estate which shall fail or be void because the beneficiary fails to survive the testator or because it is contrary to law or otherwise incapable of taking effect or which has been revoked by the testator or is undisposed of or is released or disclaimed by the beneficiary, if it shall not pass to the issue of the benefici-

ary under the provisions of clause (8) hereof, and if the disposition thereof shall not be otherwise expressly provided for by law, shall be included in the residuary devise or bequest, if any, contained in the will.

"(10) Lapsed and Void Devises and Legacies; Shares in Residue. When a devise or bequest as described in clause (9) hereof shall be included in a residuary clause of the will and shall not be available to the issue of the devisee or legatee under the provisions of clause (8) hereof, and if the disposition shall not be otherwise expressly provided for by law, it shall pass to the other residuary devisees or legatees, if any there be, in proportion to their respective shares or interests in the residue."

The instant case falls squarely within quoted subsection (10). The gift of one-third of the residue to the children's orphanage(s) is invalid because testator died within 30 days of the execution of his will. Therefore, this gift is ". . . void because . . . it is contrary to law or otherwise incapable of taking effect . . ." In short, the precise situation envisaged by the draftsmen of the Wills Act of 1947 has occurred. We find no contrary intent expressed by testator in his short will. Hence, section 14(10) of the Wills Act applies.

We have examined the many cases cited by exceptants. They rely strongly upon Verner Estate, 358 Pa. 280, which arose under the Wills Act of June 7, 1917, P. L. 403. While the 1917 Wills Act was similar in purpose to the Wills Act of 1947, the court in Verner Estate based its opinion upon the fact that decedent failed to make disposition of the disputed portion of the residuary estate. In contrast, in the instant case, there was a clear gift to charity, but it became ineffectual because testator died within 30 days of the execution of his will which made the gift "incapable of taking effect". Therefore, the cases cited are not in point. See also Morgan's Estate, 340 Pa. 465.

The learned auditing judge properly awarded the disputed share to the other residuary legatees.

Accordingly, the exceptions are dismissed and the adjudication is confirmed absolutely.